I hereby attest and certify on Jun 01, 2022 that the foregoing document is a full, true and correct copy of the original on file in my office and in my legal custody.

Clerk, U.S. District Court
Southern District of California

By: s/ J. Olsen
     Deputy

FILED
Jun 01 2022
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY   s/ Julieo   DEPUTY

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

IN RE: BANK OF AMERICA CALIFORNIA
UNEMPLOYMENT BENEFITS LITIGATION     MDL No. 2992

FILED
Jun 06, 2022
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

## TRANSFER ORDER

**Before the Panel:**[*]  Defendant Bank of America, N.A. ("BANA") moves under 28 U.S.C. § 1407(c) for transfer of the action listed on Schedule A (*Boyd*) to the Southern District of California for inclusion in MDL No. 2992. Plaintiff did not respond to the motion and, therefore, is deemed to acquiesce to it. *See* Panel Rule 6.1(c).

After considering the argument of counsel, we find that the *Boyd* action involves common questions of fact with the actions transferred to MDL No. 2992, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions in the MDL involve BANA's conduct in distributing unemployment benefits for the California Employment Development Department ("EDD"). In the order establishing this MDL, we held that centralization was warranted for actions alleging that "BANA, the entity contracted by California to distribute unemployment benefits to eligible recipients, failed to safeguard and properly manage benefits during the pandemic and unlawfully froze or denied access to funds in recipients' debit card accounts." *See In re Bank of America California Unemployment Benefits Litig.*, 544 F. Supp. 3d 1366, 1367 (J.P.M.L. 2021). We further explained that the shared factual issues include "BANA's policy and practices for responding to fraud reports from recipients of EDD benefits – in particular, the process for conducting investigations in response to error claims." *Id.* In *Boyd*, plaintiff alleges that an acquaintance stole funds from her EDD account in late 2020, she made a timely report to BANA, and BANA "did not make a good faith investigation of the unauthorized electronic fund transfers" and "to this day refuses to investigate the unauthorized transfers."[1] Thus, *Boyd* and the actions in the MDL raise overlapping factual questions concerning BANA's policy and practices for investigating and responding to fraud reports from recipients of EDD benefits during the pandemic.

We observe that *Boyd* additionally raises some unique factual questions concerning theft arising from a personal relationship with the alleged perpetrator and BANA's alleged requirement of a change of address from a homeless person as a condition of remedying alleged fraud. But our review of the record leads us to conclude that the overall interests of convenience and efficiency

---

[*] Judge David C. Norton did not participate in the decision of this matter.

[1] *See Boyd v. Bank of America, N.A.,* C.A. No. 22-00244, Compl. ¶¶ 41-45 (E.D. Cal.).

will be served by transfer of *Boyd*, based on its overlap with the MDL as to motions and discovery related to BANA's practices for investigating and responding to fraud claims from EDD benefits recipients.  If the transferee judge finds at any point in the pretrial proceedings that the inclusion of *Boyd* will not serve the convenience of the parties and witnesses or promote the just and efficient conduct of this litigation, Section 1407 remand of the action to its transferor court can be accomplished with a minimum of delay.  *See* Panel Rules 10.1-10.3.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Southern District of California and, with the consent of that court, assigned to the Honorable Larry A. Burns for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton        Matthew F. Kennelly
Roger T. Benitez           Dale A. Kimball
Madeline Cox Arleo

**IN RE: BANK OF AMERICA CALIFORNIA
UNEMPLOYMENT BENEFITS LITIGATION**                                MDL No. 2992

## SCHEDULE A

Eastern District of California

BOYD v. BANK OF AMERICA, N.A., C.A. No. 2:22-00244